### Mary Held, Appellee, v. Bankers Insurance Corporation, Appellant.

### Gen. No. 22,320.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. Rufus F. Robinson, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed May 29, 1917. Rehearing denied June 7, 1917.

### Statement of the Case.

Action by Mary Held, plaintiff, against the Bankers Insurance Corporation, defendant, to recover on a benefit certificate issued by a Nebraska society, the business of which was "taken over" by an insurance

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Held v. Bankers Insurance Corporation, 205 Ill. App. 585.

corporation which was thereafter consolidated with defendant. Defendant having averred a tender of $994.94 and plaintiff's refusal to accept it in full satisfaction of her claim, the court entered judgment for that sum and costs, which was refused as full satisfaction of claim and the cause having proceeded to trial upon the issues raised by the additional averments of the affidavit of merits, the court directed a verdict for plaintiff for $2,164.16, and from the judgment entered thereon, defendant appeals.

ALBERT J. W. APPELL, for appellant.

ROBERT J. FOLONIE, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1303*—*when not assumed that sufficient evidence was heard to support directed verdict.* On appeal from a directed verdict for plaintiff in an action to recover on a benefit certificate of another insurance society, the liability under which was alleged to have been assumed by defendant insurance society, the rule that the Appellate Court will assume that sufficient evidence was heard to support the verdict, where the court's certificate to the bill of exceptions does not state that it contains all of the evidence, does not control where the record contains some evidence tending to support one of the defenses, and the evidence in support of plaintiff's claim of assumption of liability by the defendant is too meager to enable the Appellate Court to find that the alleged assumption was not in excess of defendant's powers or that a new application and examination of defendant could be dispensed with.

2. INSURANCE, § 898*—*when evidence is insufficient to show assumption of benefit certificate by another company.* In an action on a benefit certificate, where defendant's liability is predicated upon its assumption of the certificate, and the principal reliance of plaintiff to support such contention is the acceptance by defendant of dues and assessments from the insured and the claim that the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant had "consolidated" with another insurance company which had "taken over" the business of the insurer which issued the certificate, but no showing as to the arrangement or method of such alleged assumption is made, there is not sufficient evidence to establish it.

3. INSURANCE—*when reinsurance contract is ultra vires.* A reinsurance contract, whereby one fraternal beneficiary society undertakes to assume and agrees to pay. the benefits stipulated in the certificate of another, is *ultra vires* and not enforceable.